| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | UNITED STATES DISTRICT COURT |
| 10 | |
| | CENTRAL DISTRICT OF CALIFORNIA |
| 11 | |
| 12 | RONALD FRIEDMAN, an individual;   CASE NO.: 2:16-cv-07363-GW-E |
| 13 | and MARLENE FRIEDMAN, an individual, |
| 14 | Plaintiffs,   [PROPOSED] ORDER GOVERNING |
| 15 | THE DESIGNATION AND |
| 16 | vs.   HANDLING OF CONFIDENTIAL MATERIALS |
| 17 | NATIONWIDE INSURANCE |
| 18 | COMPANY OF AMERICA, an unknown corporation; NATIONWIDE |
| 19 | SALES SOLUTIONS, INC., an unknown corporation; and DOES 1 |
| 20 | through 10, inclusive, |
| 21 | |
| 22 | Defendants. |

ORDER GOVERNING THE DESIGNATION AND HANDLING OF

CONFIDENTIAL MATERIALS

**I.   PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve

production of confidential, proprietary, or private information and documentation

1

1  for which special protection from public disclosure and from use for any purpose
2  other than prosecuting this litigation would be warranted. The Parties acknowledge
3  that this Order does not confer blanket protections on all disclosures or responses to
4  discovery and that the protection it affords extends only to the limited information
5  or items that are entitled under the applicable legal principles to treatment as
6  confidential. The Parties further acknowledge, as set forth in Section VI, below,
7  that this Order creates no entitlement to file confidential information under seal.
8  Civil Local Rule ("L.R.") 79-5 sets forth the procedures that must be followed
9  and reflects the standards that will be applied when a Party seeks permission from
10 the court to file material under seal.

11 **II.   DEFINITION OF "CONFIDENTIAL INFORMATION"**

12     1.   "Confidential Information," as used herein, means all information in
13 whatever form, such as oral, written, documentary, tangible, intangible, electronic,
14 or digitized now or hereafter in existence that:

15        a.   is regarded by the Disclosing Party as being confidential, private,
16          or proprietary in nature such that it qualifies for protection under
17          Fed.R.Civ.P. 26(c)(1)(G); and/or

18        b.   is the subject of efforts that are reasonable under the
19          circumstances to maintain its secrecy;

20        c.   has not been disclosed to the public; and

21        d.   is protected under the Uniform Trade Secrets Act, California
22          Civil Code section 3426, et. seq., in that such information derives
23          independent economic value, actual or potential, from not being
24          generally known to, and not being readily ascertainable by
25          proper means, by other persons who can obtain economic value
26          from its disclosure or use.

27     2.   As illustrative examples only, the Parties anticipate that the following
28 descriptive categories will be designated as Confidential Information under this

1 | Order including, but not limited to, Nationwide's claims handling guidelines and

2 | procedures manuals.

3 |      3.    The categories of documents set forth in paragraphs II(2) above are not

4 | exhaustive and shall not prevent a Party from designating a document as

5 | confidential pursuant to this Order if the Document is otherwise confidential as

6 | defined in this Order.

7 | **III.   DESIGNATION AND PRODUCTION OF CONFIDENTIAL**

8 | **INFORMATION**

9 |      1.    Any Party or third party may designate Confidential Information as

10 | "Confidential." Any Party or third party designating material as "Confidential"

11 | represents its good faith belief that: (a) the confidentiality of such information is

12 | typically protected pursuant to state or federal laws; (b) the designation is necessary

13 | to protect the Party; and (c) the information designated is appropriately subject to a

14 | confidentiality order under the Federal Rules of Civil Procedure.

15 |      2.    Any Party or third party may designate Confidential Information as

16 | "Confidential–Attorney's Eyes Only," if such party represents its good faith belief

17 | that: (a) the criteria set forth in paragraph III (1) above is met; and (b) disclosure of

18 | such information to another party in this suit would cause the Disclosing Party harm.

19 |      3.    To the extent a Party has produced information prior to the entry of this

20 | Order and that Party believes such information is properly the subject of this Order,

21 | that Party may designate such information as "Confidential" or "Confidential–

22 | Attorney's Eyes Only," *nunc pro tunc*, in the manner set forth above. The terms of

23 | this Order shall govern such information from the date of the designation.

24 |      4.    No information, which is publicly available, including any information,

25 | which can be ascertained by examination of information disseminated by any Party,

26 | should be designated as "Confidential" or "Confidential–Attorney's Eyes Only,"

27 | Information may be designated as "Confidential" or "Confidential– Attorneys' Eyes

28 | Only" only when it has not been disclosed to any third party (except pursuant to a

3

STIPULATION FOR ENTRY OF ORDER GOVERNING CONFIDENTIAL MATERIALS

1  nondisclosure agreement or other legal obligation not to disclose), and when it
2  contains nonpublic information that may be necessary for the prosecution or defense
3  of this Litigation, but must be protected against disclosure to the public.
4        5.     All efforts by any party or witness in this matter to designate any
5  information as "Confidential" or "Confidential-Attorney's Eyes Only" shall be
6  governed by the terms of this Order. The party by whom any disclosure is made is
7  the "Disclosing Party" and the party to whom any disclosure is made is the
8  "Receiving Party." By receiving any property designated as "Confidential" or
9  "Confidential-Attorney's Eyes Only" the Receiving Party agrees not to disclose,
10 publish, disseminate, or use, other than as expressly permitted herein, any such
11 information and will assure that all reasonable efforts are made to prevent any
12 unauthorized use, disclosure, publication or dissemination of such information.
13       6.     All Confidential Information produced by the Disclosing Party to the
14 Receiving Party in whatever form (e.g., documents, materials, testimony or
15 other information) during the course of this matter shall be designated
16 "Confidential" or "Confidential-Attorneys' Eyes Only" in accordance with the terms
17 of this Order, infra, prior to disclosure, by use of a reasonably conspicuous and
18 prominent mark (a) on each page of each document when reasonably possible; or (b)
19 in the case of electronic files, on the surface of any computer disk or other tangible
20 object containing information in electronic form, which label shall apply to the
21 entire contents of the electronic media unless stated otherwise.
22       7.     Except as otherwise provided in this Order, counsel for the Receiving
23 Party shall receive and retain exclusive custody and control over any information
24 designated as "Confidential" or "Confidential-Attorneys' Eyes Only" except that
25 independent experts authorized to view such information may retain copies as
26 necessary for their participation in this Litigation.
27       8.     Information designated as "Confidential" or "Confidential-Attorneys'
28 Eyes Only" shall not be disclosed to any person or entity except in accordance with

1 the terms of this Order. Except as provided herein, the Parties are prohibited by this

2 Order from distributing, showing, disseminating, discussing, corresponding about,

3 or providing photocopies, reproductions, abstracts, lists, or summaries of any

4 information designated as "Confidential" or "Confidential–Attorneys' Eyes Only" to

5 anyone not identified or classified as set forth below without the prior written

6 consent of the Disclosing Party or an order by this Court.

7 **IV.  LEVELS OF CONFIDENTIALITY**

8     1.    Any information designated as "Confidential" or "Confidential-

9 Attorneys' Eyes Only" shall be restricted in accordance with the following levels of

10 confidentiality:

11     2.    "Confidential–Attorneys' Eyes Only" — Information designated as

12 "Confidential–Attorneys' Eyes Only" shall be restricted to viewing, copying by, and

13 disclosure to:

14     a.    Attorneys acting on behalf of the Parties in this matter;

15     b.    The office personnel employed by the counsel working under the

16 direct supervision of said counsel;

17     c.    The Court including all personnel of the court;

18     d.    Witnesses during deposition;

19     e.    Experts and consultants necessarily retained by counsel of record

20 in this litigation and their colleagues, advisors, and secretarial

21 and clerical assistants who are actively assisting in the

22 preparation, evaluation and trial of this Litigation;

23     f.    Employees of imaging, copying or microfilming services utilized

24 with respect to this Litigation;

25     g.    Court reporters and other persons involved in recording

26 testimony in this Litigation;

27     h.    Any other person to whom disclosure is required by law.

28     i.    Insurers of the Parties and their counsel; and

j. The "in house" attorney, general counsel, or legal officer of the Parties and the office personnel employed by the counsel working under the direct supervision of said counsel

3. Before information designated as "Confidential-Attorneys' Eyes Only," or contents thereof, are disclosed to any person specified in paragraphs IV(2)(d) or IV(2)(e) above, counsel for the Party disclosing such information shall provide to those persons a copy of this Order, and such person must agree (i) to be bound by the terms hereof by signing the "Acknowledgment and Agreement to be Bound" attached hereto as Exhibit A. Information designated as "Confidential-Attorneys' Eyes Only" shall not be viewed by the Receiving Party or by anyone acting on its behalf, other than its respective counsel, except as set forth above.

4. "Confidential." — Information designated as "Confidential" shall be restricted to viewing, copying by, and disclosure to:

   a. All "Confidential-Attorneys' Eyes Only" persons;

   b. All employees, officers, and directors of each Party of record. It is not necessary that each such person sign this Order, provided that the Receiving Party has previously notified all employees, officers, and directors of the existence of this Order, its terms, and the consequences of an unauthorized disclosure; and

   c. Witnesses or potential witnesses in this Litigation.

## V. DEPOSITIONS

1. Any party may designate testimony on oral deposition as "Confidential" or "Confidential-Attorneys' Eyes Only." The designation of such testimony shall be made at any point during the deposition by so stating on the record and identifying the level of protection desired.

2. Once testimony has been designated as "Confidential," or "Confidential-Attorneys' Eyes Only," only the following persons shall be present for the answer:

a. Persons authorized under this Order;

b. The deponent; and

c. The reporter and videographer.

3. Each court reporter and videographer participating in any deposition shall be provided with a copy of this Order and shall adhere to its provisions. Each court reporter must separately bind those portions of deposition transcript and related exhibits deemed confidential and shall further separate into separate bound deposition transcripts—by the various levels of confidentiality—and shall thereon place a reasonably conspicuous and prominent designation on each page of each such bound transcript or exhibits, clearly label any media, including, but not limited to, videotapes of depositions and computer disks, containing information designated as "Confidential" or "Confidential-Attorneys' Eyes Only," and shall attach an executed copy of the "Acknowledgment and Agreement to be Bound" as an exhibit to the deposition transcript.

4. Each party shall cause each copy of the transcript in its custody or control or that comes into its custody or control to be immediately marked as designated.

## VI. ITEMS FILED WITH THE COURT

1. When any documents, things, or testimony in whatever form are filed or lodged with Court that are designated as "Confidential" or "Confidential-Attorneys' Eyes Only," the using party shall make a good faith effort to have the documents, things, or testimony maintained under seal by application to the Court pursuant to its procedures for the filing of records under seal.

2. To the extent practicable, designated items or the substance of designated items shall be filed separately or in severable portions of filed papers, so that non-designated items may be freely disseminated.

3. The Parties shall attempt to agree upon procedures to protect at any hearing the confidentiality of information filed under seal and shall, prior to such

1    hearing, submit such proposed procedures, including any disputes thereto, to the

2    Court for its approval or modification.

3    **VII. INADVERTENT DISCLOSURE**

4        1.    The inadvertent or unintentional disclosure of "Confidential" or

5    "Confidential-Attorneys' Eyes Only" or any other privileged or protected item,

6    regardless of whether the item was so designated at the time of disclosure, shall not

7    be deemed a waiver in whole or in part of a Party's claim of protection or privilege

8    either as to the specific information disclosed therein or on the same or related

9    subject matter.

10        2.    This Order is without prejudice to any Party's right to assert the

11    attorney-client, work product, or other privileges or other doctrines, or to any other

12    Party's right to contest such claims. By making information designated as

13    "Confidential" or "Confidential – For Counsel Only" available to the other Party,

14    the producing Party does not waive any confidentiality privilege, doctrine or

15    treatment, and the receiving Party acknowledges and agrees that, by making such

16    materials available, the producing Party has not waived any such confidentiality

17    privilege, doctrine or treatment or disclosed any proprietary or confidential

18    information, trade secret, or any other business or confidentiality privilege, doctrine

19    or treatment. By receiving information designated as "Confidential" or

20    "Confidential – For Counsel Only," the receiving Party does not acknowledge or

21    agree that such materials are entitled to such designation, and does not waive the

22    right to contest such designation by way of application to the Court.

23        3.    Pursuant to Fed. R. Evid. 502(b), the production by any Party during

24    discovery of documents containing information protected by the attorney-client

25    privilege or the attorney work-product doctrine shall be deemed inadvertent and

26    shall not operate to waive the protections of the privilege or the doctrine by or as to

27    the producing Party, provided that, as soon as reasonably practicable after the

28    producing Party's learning of the production or the receiving Party's notification to

1  the producing Party of its receipt of the documents that may be subject to the

2  attorney-client privilege or the work product doctrine, the producing Party has

3  requested the return of the documents. Upon receipt of a request, the receiving

4  Party shall immediately return such documents to the producing Party, shall not

5  retain any copies, and shall not use the information or the fact of inadvertent

6  disclosure in any manner in this Litigation.

7       4.  The Receiving Party shall promptly destroy, sequester, or return to the

8  Disclosing Party any protected or privileged item discovered by the Disclosing Party

9  or the Receiving Party to have been disclosed inadvertently. If the Receiving Party

10  disclosed the protected or privileged item before being notified of the Disclosing

11  Party's claim of protection or privilege, it must take reasonable steps to retrieve the

12  item for destruction, sequestering, or return to the Disclosing Party.

13       5.  If information designated as "Confidential" or "Confidential—

14  Attorneys' Eyes Only" is disclosed to any person other than in the manner

15  authorized by this Order, the Party responsible for the disclosure must immediately

16  advise counsel for the Disclosing Party of all pertinent non-privileged and nonwork-

17  product facts relating to such disclosure and, without prejudice to any other rights

18  and remedies of the Parties, make every effort to retrieve the Confidential

19  Information and to prevent further disclosure by it or by the recipient of such

20  information.

21       6.  No Party will be responsible to another Party for disclosure of

22  Confidential Information under this Order if the information in question is not

23  labeled or otherwise identified as such in accordance with this Order.

24  **VIII.  ACKNOWLEDGMENT OF ORDER**

25       1.  Each person required by this Order to sign a statement agreeing to be

26  bound by this Order must sign a statement to be delivered to and maintained by the

27  Disclosing Party in the form attached hereto as EXHIBIT A.

28

1    **IX.**    **AGREEMENT OF PARTIES TO ORDER**

2      1.   All Parties to this action, their counsel, and all other persons subject to

3 this Order shall be bound by this Order and shall abide by all of the terms of this

4 Order until otherwise ordered by the court or by written notice releasing them from

5 the respective obligations received from the pertinent Disclosing Party.

6      2.   In the event that information designated as Confidential Information is

7 contemplated to be used at trial, the Receiving Party seeking to use such information

8 shall give notice to the Court and the Disclosing Party of its intention to use the

9 Confidential Information at trial sufficiently in advance of its contemplated use so

10 that the Court can have the matter heard. The Disclosing Party continues to bear the

11 burden of showing to the Court that there is good cause to keep the materials sought

12 to be used at trial as subject to and treated under the terms of an Order that the

13 judicial officer conducting the proceedings deems appropriate.

14    **X.**    **CONTINUING EFFECT OF ORDER**

15      1.   At the conclusion of this matter by lapse of all appeal right after entry

16 of final judgment from which no further rights of appeal exist, or by settlement of

17 this matter, all Confidential Information produced in this litigation, including all

18 copies made of such material shall, upon demand by the Party that produced it, be

19 returned to counsel for that Party that produced it. If no request for return is

20 received within 30 days of final disposition, the Party in possession shall destroy

21 such Confidential Information. The Court and Court personnel are exempt from the

22 provisions of this Section X.

23      2.   This Order shall continue to be binding after the conclusion of this

24 litigation except that a Party may seek the written permission of the Disclosing Party

25 or further order of the Court with respect to dissolution or modification of this

26 Order. The Court shall retain jurisdiction to resolve any dispute concerning the use

27 of information disclosed pursuant to this Order, and to enforce or modify this Order.

28

3.     Notwithstanding the foregoing, counsel for each Party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

## XI.     ADDITIONAL RELIEF

1.     No Party is prevented from seeking relief not provided by this Order, or otherwise seeking court approval as may be appropriate to protect its interests or otherwise prepare this matter for trial.

2.     To the extent that there are any disputes relating to the Order, such as the designation of confidential documents, L.R. 37 governs the procedure for resolving such disputes. In making or opposing any motion relating to the designation of Confidential Information, the Party seeking to maintain a document under the Order shall bear the burden of showing specific prejudice or harm if the information sought to be protected is disclosed to the public. See e.g., Byrd v. General Motors Corp., 307 F.3d 1206, 1210-1211 (9th Cir. 2002).

## XII.     USE FOR THIS LITIGATION ONLY

1.     Items designated as "Confidential" or "Confidential–Attorneys' Eyes Only" under this Order shall not be used by any recipient or disclosed to anyone for any purpose other than in connection with the above-captioned action.

2.     In the event that any Confidential Information is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the Party using such shall take all reasonable steps to maintain its confidentiality during such use.

3.     Information designated as "Confidential" or "Confidential–Attorneys' Eyes Only" shall not be copied or reproduced except to the extent that copying or

1    reproduction is reasonably necessary for the conduct of this Litigation. All such

2    copies or reproductions shall be subject to the terms of this Order. Control and

3    distribution of all such material shall be the responsibility of the Parties' attorneys of

4    record herein and shall be used and disclosed solely in accordance with the

5    provisions of this Order.

6         4.    In the event that any Party and/or recipient of Confidential Information

7    pursuant to this Order is served with legal process or otherwise requested to disclose

8    any Confidential Information (the "Disclosing Entity") by any person or entity not

9    covered by this Order, including, without limitation, state, local or federal agencies,

10   or litigants in other litigation (the "Requesting Entity"), the Disclosing Entity shall

11   give notice thereof, by telephone and facsimile, and transmit a copy of the demand

12   via electronic mail, facsimile, or next day delivery to the attorneys for the Party that

13   originally disclosed the Confidential Information as soon as practicable but in any

14   event sufficiently prior to the requested disclosure to afford an opportunity to

15   intervene for any Party who may be adversely affected by the disclosure except to

16   the extent that such notice is precluded by law.  The Disclosing Entity shall, to the

17   extent consistent with the law, treat such materials in accordance with the terms of

18   this Order until any attempt to quash the subpoena or demand is resolved.  Nothing

19   herein shall be construed as relieving any person or entity from complying with its

20   obligations pursuant to a lawfully issued subpoena or other court process.

21        5.    Nothing in this Order shall restrict the use that a Party may make of its

22   own information, even if that Party designated such information as "Confidential" or

23   "Confidential–Attorneys' Eyes Only" for purposes of this Litigation.

24        6.    Nothing in this Order will bar counsel from rendering advice to their

25   clients with respect to this Litigation and, in the course thereof, relying upon any

26   information designated as Confidential Information, provided that the contents of

27   the information must not be disclosed except as provided for herein.

28

12

STIPULATION FOR ENTRY FOR ORDER GOVERNING CONFIDENTIAL MATERIALS

7. Nothing in this Order shall impose any restrictions on the disclosure, publication, dissemination, or use by a Party of material obtained by such Party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, and whether or not such material is designated as "Confidential" or "Confidential-Attorneys' Eyes Only," or from disclosing its own Confidential Material as it deems appropriate.

## XIII. CHALLENGE TO DESIGNATION

1. In the event that a Party believes that information designated as "Confidential" or "Confidential-Attorneys' Eyes Only" by another Party is not properly subject to this Order, the challenging Party may move the Court for an order that such information is not governed by the terms of this Order. The Disclosing Party shall bear the burden of establishing that such information is properly subject to the terms of this Order.

2. Should any motion be brought under this Paragraph the prevailing Party may be entitled to recover reasonable attorneys' fees pursuant to Fed.R.Civ.P. Rules 26(g)(3) and 37(a)(5).

3. Nothing in this Order shall prohibit a Party from seeking further or lesser protection of information that it contends is confidential by stipulation between the Parties or by application to the Court.

## XIV. MODIFICATION

1. Any Party to this action may, at any time, request the modification of this Order. Such a request may be granted by the Court upon a showing of good cause only after due notice and hearing.

PURSUANT TO STIPULATION, IT IS SO ORDERED this 8TH day of June , 2017.



HON. CHARLES F. EICK
United States Magistrate Judge for the
Central District of California

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Order that was issued by

the United States District Court for the Central District of California on

_____, 2017] in the case of *Ronald Friedman et al. v. Nationwide*

*Insurance Company of America*, Case No.: 2:16-CV-07363-GW-E (the "Order"). I

agree to comply with and to be bound by all the terms of the Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in

any manner any information or item that is subject to the Order to any person or

entity except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms of

the Order, even if such enforcement proceedings occur after termination of this

action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of the Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

14